**In re James GUNN, Debtor.**

**The KEYES COMPANY, a Florida Corporation, Plaintiff,**

v.

**James GUNN, Defendant.**

**Bankruptcy No. 81–01917–BKC–SMW. Adv. No. 82–0196–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

July 8, 1982.

---

A. M. Schwitalla, Coral Gables, Fla., for defendant.

Ronald L. Fried, Miami, Fla., for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon a Complaint to Determine the Dischargeability of Debt filed herein and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

That this Court has jurisdiction of the parties hereto and the subject matter hereof.

The title to a commercial property upon which a restaurant, marina, bait and tackle shop and gas station were operated was held by James Gunn (debtor) and his wife, Lynette Gunn, as tenants by the entirities. The operation of the improvements on the property was carried out through a corporation known as L. G. Gunn and Associates, Inc. of which Mrs. Gunn was the sole shareholder. The debtor held no office, nor was he an employee of that corporation. On January 18, 1979, the debtor entered into a Special Sales Service Agreement (the listing agreement) whereby The Keyes Company, a real estate sales organization (Keyes) would have the exclusive right for one year to represent the property for sale. If a sale was effectuated within the one year exclusive sales period, the plaintiff was to receive a percentage of the sale price. The listing agreement was executed by the debtor as "owner(s)" under the typed heading of L. G. Gunn and Associates, Inc., and was properly witnessed and accepted by Keyes. The signature of the debtor's wife, as co-tenant by the entirities, or in any other capacity, was missing. Keyes began its selling effort by listing the property for sale and printing a descriptive brochure of the property. Sometime in March, the debtor attempted to void the listing agreement by means of a letter to Keyes demanding that Keyes withdraw the listing for the alleged reason that the Keyes agents "failed to live up to the contract I sign" (sic). Instead of voiding the agreement, Keyes merely removed the property from its active listings and stated by letter that it would continue to hold the debtor responsible for paying a commission should the property be sold within one year. On October 18, 1979, while the exclusive sales period was in effect, the property was sold by the debtor. When Keyes made demand upon the debtor for payment of its real estate commission under terms of the listing agreement, the debtor informed Keyes that he had no authority to execute the sales agreement as he was not an officer or agent of L. G. Gunn and Associates, Inc. and therefore not bound by the agreement.

Keyes argues that the debtor falsely represented himself to be authorized by L. G. Gunn and Associates, Inc. to enter into the listing agreement and that Keyes relied on that false representation. Keyes therefore seeks to have the debt determined non-dischargeable under 11 U.S.C. § 523(a)(2)(A). (While Keyes also cited 11 U.S.C. § 523(a)(2)(B) to support its case, this section is not applicable, pertaining as it does to false financial statements and thus was not considered here.) The debtor argues, on the other hand, that Keyes has failed to carry its burden of proof as to the elements of 11 U.S.C. § 523(a)(2)(A). Keyes must prove that:

"(1) The debtor made the representations;

**22**

(2) That at the time he knew they were false;

(3) That he made them with the intention and purpose of deceiving the creditor;

(4) That the creditor relied on such representations; and

(5) That the creditor sustained the alleged loss and damage as the proximate result of the representations having been made."

See the following as to the development of the above elements: *In Re Stewart,* 10 B.R. 214, 4 C.B.C.2d 387, 390 (Bkrtcy. C.D.C.A. 1981); *In Re Harlan,* 7 B.R. 83, 85 (Bkrtcy. D.Ariz., 1980); *In Re Gillespie,* 11 B.R. 167, 169 (Bkrtcy. D.Or., 1981), *In Re Trewyn,* 12 B.R. 543, 546 (Bkrtcy. W.D.Wis., 1981); *In Re Houtman,* 568 F.2d 651 (9th Cir., 1978).

After a review of the facts and the requirements of 11 U.S.C. § 523(a)(2)(A), the Court finds that Keyes has met its burden of proof by clear and convincing evidence and this debt, therefore, should be non-dischargeable. As to the first element of 11 U.S.C. § 523(a)(2)(A), it is clear from the competent testimony of two witnesses as to the actions of the debtor in his dealings with Keyes that false representations were made by the debtor to Keyes as to his relationship with his wife's corporation. Concerning the second element, the debtor was aware or should have been aware at that time, that his representations were false. The third element, relating to intent and purposeful deceptions, is satisfied by testimony and evidence which demonstrates a pattern of conduct that was intentionally and purposefully aimed at deceiving Keyes and gaining their services based on the false representations. Relying on the debtor's representations, Keyes went forward with its effort to sell the property, satisfying the fourth element. As to the fifth element, the Court finds that the loss of Keyes' sales commission is the proximate result of the false representations of the debtor since it was these representations which induced Keyes to undertake the listing agreement and begin performance on that agreement. The debtor signed the agreement under the name of the corpora-

tion, creating the misleading impression that he was signing for the corporation. This false impression was not corrected by the debtor until the property was sold and Keyes attempted to collect its commission.

The Court finds that based on the above facts as they relate to 11 U.S.C. § 523(a)(2)(A), this debt should be non-dischargeable by these proceedings. A separate order will be entered granting the plaintiff's prayer for relief.