**In re Derek J. ZUPANCIC and Linda J. Zupancic, Debtors.**

**Derek ZUPANCIC, D/W Development, Co., Appellant,**

v.

**Malcolm Jerome WINER, et al., Defendants.**

**BAP No. CC–82–1255–VAbP.**

**Bankruptcy No. LA–80–04993(CA).**

United States Bankruptcy Appellate Panels for Ninth Circuit.

Argued Feb. 16, 1984.

Decided April 30, 1984.

Stephenie Nordlinger, Baltaxe, Ruthin & Levin, Beverly Hills, Cal., for appellant.

John Joseph Mulrooney, Los Angeles, Cal., for defendants.

Before VOLINN, ABRAHAMS and PYLE, Bankruptcy Judges.

## OPINION

SIDNEY C. VOLINN, Bankruptcy Judge:

This is an appeal by the debtor, Derek J. Zupancic, from a final judgment and order granting appellee's motion for summary judgment. The order dismissed debtors' amended complaint, alleging an oral partnership agreement with appellee, Malcolm J. Winer. We reverse.

## I. INTRODUCTION

### A. FACTS

Debtors Derek J. and Linda J. Zupancic filed a Chapter 11 bankruptcy petition in the Central District of California on June 2, 1980.

On December 21, 1979, debtor Derek Zupancic filed a complaint in Los Angeles Superior Court which alleged that he and appellee Malcolm Winer entered an oral partnership agreement to develop real property. In March 1980, debtor amended his complaint. It pleaded 11 causes of action relating to the parties' agreement to become general partners in D/W Develop-ment Co. for the purpose of purchasing, developing and selling real estate from early 1977 through March 25, 1980. It was also alleged that debtor agreed to contribute his services to the partnership, in return for an advance on profits of $5,000 a month. All net profits were allegedly to be divided equally between the parties.

The amended complaint sought damages, an accounting of the alleged partnership, and an order that the partnership property be sold, its debts paid and the surplus property divided between the partners.

The debtor removed the foregoing action to the bankruptcy court.

### B. PROCEEDINGS IN BANKRUPTCY COURT

In June 1981, appellant Derek Zupancic sought leave to amend his complaint a second time to add a twelfth cause of action for payment in *quantum meruit* for work which he allegedly contributed to the partnership.

Appellee Malcolm Winer filed a motion for summary judgment. Before that motion was heard, Mr. Winer filed a motion to dismiss debtor's complaint. The bankruptcy court heard argument on the motion to dismiss on July 14, 1981. It issued an order denying the motion and requiring that each party file by July 20, 1981, a declaration from each witness who would support his case at trial.

The order denying the motion to dismiss specifically reserved ruling on debtor's motion to amend. Debtor contends in his appellate brief that the court never issued a final ruling on the motion to amend.

Appellee's motion for partial summary judgment alleged that there was no genuine issue of material fact as to whether the parties orally agreed to form a partnership. The bankruptcy court heard oral argument on the motion for summary judgment on July 24, 1981. It entered its memorandum of decision on June 9, 1982, granting appellee's motion for summary judgment on the issue of partnership and on each cause of action alleged in debtor's first amended

complaint. The court stated in its memorandum that "[t]here is no evidence to establish that Zupancic and Winer entered an oral partnership agreement about January 1, 1977, or at any time. They did not transact business as partners or conduct business as partners."

The court entered findings of fact which specifically found that the parties did not agree on the individual terms of partnership alleged in the amended complaint. It granted appellee's motion for non-suit on debtor's claim that he was entitled to reimbursement of expenses paid for the partnership. However, as indicated, the court did not rule on debtor's motion to amend the amended complaint to add a cause of action for payment in *quantum meruit*.

In its conclusions of law, the court held that debtor was not entitled to an accounting; that appellee held seven disputed properties free of any trust claimed by debtor; and that debtor was not entitled to compensatory or punitive damages.

## II. CONTENTIONS OF PARTIES

### A.

Debtor contends that the court erred by granting appellee's motion for partial summary judgment on the partnership claims and by dismissing the case without fully considering debtor's *quantum meruit* claim. In addition, debtor stated that he abandoned his appeal from the court's dismissal of the claim for unreimbursed expenses. However, in a supplemental brief, he sought the court's leave to rescind the abandonment. Debtor contends therein that the order of non-suit was in error because he was not allowed to complete presentation of evidence, as required by Fed.R.Civ.P. 41(b).

### B.

Appellee makes three main contentions. First, he contends that the court correctly issued the partial summary judgment; second, that the finding of no partnership left no issues remaining to be decided (we take this second contention to mean that the judgment left no need to decide on the debtor's motion to amend the amended complaint by adding a cause of action for payment in *quantum meruit*); third, that the court based its finding as to the lack of credibility on a general lack of credible evidence, other than on the character of Mr. Zupancic.

## III. STANDARD OF REVIEW

In reviewing the grant or denial of a summary judgment motion, this Panel applies the same test which the trial court applies under Fed.R.Civ.P. 56(c). Rule 56(c) provides in pertinent part that the court shall grant the motion for summary judgment if the affidavits and other materials demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Applying that test, "[s]ummary judgment is 'proper only where there is no genuine issue of any material fact or where viewing the evidence and the inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law.'" *Radobenko v. Automated Equipment Corporation*, 520 F.2d 540, 543 (9th Cir.1975), quoting *Caplan v. Roberts*, 506 F.2d 1039, 1042 (9th Cir.1974).

## IV. CONSIDERATION OF THE RECORD

### A. APPELLEE'S MATERIALS

The first question to be addressed when considering affidavits in a summary judgment motion is whether the information which they contain would be admissible at trial. Wright, Miller & Kane, *Federal Practice and Procedure: Civil* 2d § 2738 at p. 470.

■ Appellee's material in support of the motion for summary judgment consists of the declarations of appellee, and of four other witnesses. (Declarations may be admitted in the place of affidavits for the purpose of a summary judgment motion.

758

28 U.S.C. § 1746.) Appellee's declaration denies that he was ever debtor's partner or held himself out to be a partner. This is admissible to support his motion for summary judgment because it would be admissible at trial.

The witnesses' declarations state that they have never heard Mr. Winer introduce or refer to Mr. Zupancic as his partner, nor have they heard Mr. Zupancic claim to be Mr. Winer's partner in his presence.

■ We note the principle that the party moving for summary judgment cannot sustain his burden merely by denying the allegations in his opponent's pleadings, especially in light of the countering materials. *Goldwater v. Ginzburg*, 414 F.2d 324 (2d Cir.1969), *cert. denied*, 396 U.S. 1049, 90 S.Ct. 701, 24 L.Ed.2d 695. Appellee in the case before us has done little more than to state that he never agreed to a partnership with debtor. Since we recognize that it is difficult to prove a negative, we accept appellee's materials as marginally adequate.

## B. DEBTOR'S MATERIALS

We note that debtor's own declaration is conspicuously absent from the record before us. At the appellate argument, debtor's current attorney said that she spoke with one of debtor's former attorneys (there were several substitutions of counsel), who admitted that he has failed, for some unexplained reason, to include debtor's declaration in the trial record. However, the issue is whether the declarations submitted by debtor are sufficient to raise an issue of fact.

■ Initially, we note the contention that appellant's statements as to partnership are conclusionary in nature and therefore inadequate. Appellant's declarations to the extent conclusionary, are of the same nature as those of appellee, being simply the other side of the coin. Considered in this context, a dispute does exist as to the status of the parties. However, appellant's declarations involve more than bare conclusionary assertions as to status.

Appellee argues that it would be improper for us to consider the declarations of Roman Lopez, Elvia Stork, Ken Willis, Thomas Bowles, Joseph Licha, Jack Ayers, Jack Galloway, Littleton Strong and Mike Doyle. These nine declarations were furnished to counter appellee's declarations. Appellee contends that debtor did not serve copies of the declarations on appellee's attorney, and therefore violated the court's deadline of July 20, 1981 for each party to submit materials from witnesses. Appellee argues that the court therefore was required to exclude—and implicitly did exclude—these declarations from the materials which it examined when reviewing the motion.

■ However, the record shows that the bankruptcy court did consider the materials and acted within its discretion in doing so. Appellee admits in his brief that, at the summary judgment hearing, "the court then advised defendant's [appellee's] counsel that it had already read the declarations and requested the clerk make copies for the defendant after the hearing." (Brief of Malcolm Winer, p. 11.) While the record before us does not specify which declarations the court considered, we assume that it admitted and considered all of them. At oral argument on appeal, the appellee's attorney was unable to produce any proof in the record to support his contention that the bankruptcy court has excluded any declarations.

In any event, declarations from Robert Espinoza and John Zupancic, the debtor's brother, and the deposition of Jerard Levert, were timely served on appellee's attorney prior to the court's deadline.

■ It would serve little purpose to analyze in detail each of the 12 declarations, affidavits and depositions submitted by debtor. It is sufficient to observe that, taken together, they demonstrate clearly that there is competent testimony to the effect that Zupancic and Winer acknowledged they were partners and engaged in specific activities or actions corrobative of such status. By way of illustration, Joseph

Licha, a licensed general contractor since 1972, worked with the debtor on four projects. His declaration stated:

> The introduction took place at Mr. Winer's offices at Quality Tile and Marble ... Derek Introduced Mal Winer as his partner, and we proceeded to discuss some business ... Mr. Winer did not make any objection or comment to Derek's introduction, and I had always assumed it was a partnership based on my observations of the total control and freedom possessed by Derek in the construction and acquisition of the projects and the way I submitted my billings either to Derek of Winer of both.

Mr. Ayers and Mr. Lopez stated that the appellee introduced himself as debtor's partner. Mr. Levert and Mr. Galloway also stated that debtor introduced appellee as his partner, and that appellee did not deny the designation. The various declarations and statements attest in some detail that appellee treated debtor as an equal partner rather than an employee and performed acts consistent with partnership, and that the debtor exercised control over the parties' business affairs consistent with that of a partner.

Appellant objects to some of the statements by debtor's witnesses on the ground that they repeat hearsay statements by appellee that he was debtor's partner. These are admissible as admissions against interest. After examining the materials submitted by debtor in opposition to the motion for summary judgment, we hold that he has shown that a genuine issue of material fact exists as to whether the parties agreed to form a partnership.

## V. ISSUE OF CREDIBILITY

The bankruptcy court concluded in its memorandum of decision that "[t]he matters relative to any partnership are stated in the negative simply because no credible evidence was offered by Zupancic." This conclusion is inconsistent with the essential purpose of summary judgment, which is to resolve genuine factual issues not involving those of credibility.

*Gerdes v. United States,* 498 F.Supp. 385 (D.C.Cal.1980).

The bankruptcy court further held in its memorandum of decision that:

> There are no terms to show the type of partnership, trade style to be used, provision of capital or services, the business purpose of the partnership, division of profits, or provision for draws. It should be noted that the mere joint ownership of property or the sharing of profits made by use of such property do not necessarily indicate a partnership, neither does the sharing of gross returns nor the manner of contribution of capital.

The foregoing statement is not a categorical statement as to the formal requisites of a partnership. It is an evaluation based on the court's belief as to the scope and credibility of documentary material in the record. However, this issue "can be critically analyzed for evaluation only by consideration of testimony of witnesses under oath, to what these parties did intend, what their negotiations did encompass and whether there was, or was not, an oral agreement ..." *Dauphin Corporation v. Sentinel Alarm Corporation,* 206 F.Supp. 432, 436 (D.C.Del.1962).

The debtor, as the party opposing summary judgment, is entitled to all favorable inferences that may be drawn from the evidence. *Rodway v. U.S. Dept. of Agriculture,* 482 F.2d 722 (D.C.Cir.1973), 157 U.S.App.D.C. 133, *on remand* 369 F.Supp. 1094, *remanded* 514 F.2d 809, 168 U.S.App. D.C. 387. While it appears that the court below was of the view that debtor was not likely to prevail, we note the following observations:

> That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them.

*Rodway* at 723, citing *Harl v. Acacia Mutual Life Insurance Company,* 317 F.2d 577, 580 (D.C.Cir.1963). There is nothing

in the record nor the court's conclusions which would indicate that trial of the partnership issue would be such an exercise in futility.

## VI. THE UNREIMBURSED EXPENSES CLAIM

■ The record shows that the bankruptcy court considered, separately from the partnership claim, Zupancic's allegation that he had incurred unreimbursed expenses on behalf of the partnership. The court heard oral argument on the summary judgment motion on July 24, 1981. It heard argument on the unreimbursed expenses claim on August 6, 1981. Because the court felt that debtor's testimony was unconvincing, it gave him the opportunity to turn in an accounting of unreimbursed expenses by September 1, 1981.

Appellee filed a motion to dismiss the expenses claim. The court heard oral argument on the motion on August 6, 1981. On June 9, 1982, the court issued both the order of summary judgment as to the partnership claim, and an order of non-suit on the expenses claim.

In the appellant's opening brief, Zupancic specifically abandoned his appeal of the non-suit. On March 7, 1984, two weeks after appellate argument, appellant filed a "Supplemental Brief" which seeks the Panel's leave to rescind that abandonment. Debtor stated that his supplemental brief was a response to appellee's "Additional Points and Authorities." Appellee's supplemental brief substantially complies with Fed.R.App.P. 28(j), which allows a party to make such a supplemental filing "after his brief has been filed or before oral argument but before decision." However, debtor's supplemental brief exceeds the scope of appellee's additional points and authorities by seeking to reopen the claim for expenses.

Debtor contends in his supplemental brief that at the expenses hearing of August 6, 1981, the court did not allow counsel to ask questions of debtor on redirect, nor to require appellee to testify. This contention is supported by the court's statement at the hearing that "it will not be of any benefit to Mr. Zupancic to have him on redirect examination now interrogated because I don't think the testimony is going to improve. I'm not sure that it will ever improve, but it won't improve for sure by listening to his redirect examination today." (Appellant's Supp.E.R., p. 7.) Debtor submitted a memorandum objecting to appellee's motion to dismiss.

Fed.R.Civ.P. 41(b) allows the trial court to issue an order of involuntary dismissal. It provides in relevant part that:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

Appellant's attorney at the trial of the unreimbursed expenses claim, Ken Willis, stated in a declaration on the issue that the bankruptcy court did not allow him to call the appellee as a witness and to cross-examine him.

From a reading of the record, we agree with debtor's contention that Mr. Willis did not rest his case nor complete his presentation of evidence on unreimbursed expenses. We reach this conclusion from the bankruptcy court's holding that "[a] case in chief was presented today for reimbursed and unreimbursed expenses," (Appellant's Supp.E.R., p. 7) over contention by debtor's attorney that he had not been allowed to examine appellee. The court ended the proceedings without any statement or indication by debtor's attorney that he wished to rest his case.

■ A motion to dismiss under Rule 41(b) may be made only after the plaintiff has completed the presentation of his evidence. Dismissal for insufficiency of the evidence is a final judgment adverse to the

plaintiff, and he may appeal from it, as Mr. Zupancic did. A dismissal on this ground involves a determination of the merits, rather than an exercise of discretion by the trial court. *White v. Rimrock Tidelands, Inc.*, 414 F.2d 1336 (5th Cir.1969).

■ While there was an abandonment of the appeal for the expense claim, it appears that appellee has not suffered a change of position in reliance thereon. In any event, the issue is ancillary to the overall disposition of this appeal, which essentially involves debtor's claim for an accounting. We believe that the issue, and remand for hearing thereon, should be presented on the merits, and therefore authorize withdrawal of the abandonment of appeal on the reimbursement issue.

## VII. THE QUANTUM MERUIT CAUSE OF ACTION

■ Debtor contends that the bankruptcy court erred by denying him leave to amend his first amended complaint to add a twelfth cause of action for reimbursement of his expenses in *quantum meruit*. He argues that this cause of action is separate from the unreimbursed expenses claim, because the *quantum meruit* theory can be sustained even if the court finds that there is no partnership agreement.

Debtor cites, as authority for his motion to amend, Fed.R.Civ.P. 15(a), which provides in relevant part that "leave [of court] shall be freely given when justice so requires." In considering an amendment to the pleadings, bankruptcy courts generally follow the procedures set forth in Rule 15. Wright & Miller, *Federal Practice and Procedure: Civil* § 1472 at 360.

As the United States Supreme Court has held, leave to amend under Rule 15(a) should be "freely given":

[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment ...

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

None of the foregoing reasons for denying leave to amend exists in the case before us. The grant or denial of an opportunity to amend is within the discretion of the trial court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* In this case, the bankruptcy court refused leave to grant without any apparent justifying reason.

We hold that, on the record before us, the failure to grant debtor's application to amend his complaint to add a cause of action for payment in *quantum meruit* was erroneous.

## VIII. STATUTE OF FRAUDS

■ In its memorandum of decision, the bankruptcy court found "no evidence to establish that Zupancic and Winer entered an oral partnership agreement," noting that "[a] partnership agreement, generally, is subject to the statute of frauds." This is the court's only reference to the statute of frauds.

Neither party discussed the statute of frauds in its appellate briefs filed before oral argument. At the oral argument, debtor's counsel argued that a partnership agreement could be taken out of the statute by part performance. We note that debtor's supplemental brief, filed after argument, does state in a one-sentence treatment of the issue, that "under California law, a partnership need not be evidenced by a writing to create enforceable rights."

California's statute of frauds is Cal.Civ. Code § 1624. On the present record, none of the subsections of § 1624 appears to have been related to an issue in this case. We therefore cannot perceive the applicability of the statute of frauds.

## CONCLUSION

Because appellee has failed to demonstrate that there is no genuine issue of

material fact in debtor's eleven causes of action, the partial summary judgment on the issue of partnership was in error. The court also erred in granting the motion to dismiss debtor's claim for unreimbursed expenses before debtor concluded his proof. Finally, the bankruptcy court erred by failing to issue a final ruling on debtor's motion to amend the first amended complaint to add a twelfth cause of action for reimbursement in *quantum meruit.*

We REVERSE the judgment and remand for further action consistent herewith.