In re Jose Luis OJEDA, Debtor.

**NORWEST FINANCIAL NEW MEXICO INC., a corporation, Plaintiff,**

v.

**Jose Luis OJEDA and Edna Ruby Ojeda, his wife, Defendants.**

**Bankruptcy No. 7–84–00747 MA. Adv. No. 84–0208 M.**

United States Bankruptcy Court, D. New Mexico.

July 11, 1985.

James L. Bartholomew, Albuquerque, N.M., for plaintiff.

Federico Ramon Ballejos, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court for trial on the merits on February 19, 1985. The plaintiff, Norwest Financial New Mexico, Inc., (Norwest) filed a complaint against the debtor to determine dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(B), for executing a false financial statement in connection with obtaining an extension of a pre-existing loan. The debtor/defendants denied the plaintiff's allegations. James I. Bartholomew represented the plaintiff Norwest and Federico Ramon Ballejos represented the defendants Ojeda.

Mr. and Mrs. Ojeda obtained a loan from Dial Finance sometime in 1981. Apparently the Ojedas filled out a financial statement at that time, although it is not in evidence. On January 19, 1983, the debtors renewed the loan and obtained additional monies. At the time of the renewal, they submitted a new financial statement. Sometime between January 1983 and July 1983, Norwest succeeded to the interests of Dial Finance Company.

On July 22, 1983, the debtors renewed the loan with Norwest and submitted an additional financial statement. In this financial statement, the debtors failed to list a $60,000.00 obligation which they had incurred to the University of New Mexico Hospital for the care of Jose Ojeda's mother.

The debtors filed their petition in bankruptcy on June 5, 1984, approximately eleven months after they renewed the note. The court ruled at trial that Norwest Financial had proved all of the elements necessary to find that the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(b), but, took under advisement whether Norwest Financial is entitled to have its entire debt declared nondischargeable because of the false financial state-

ment submitted or whether the "fresh cash rule" will permit only the amount of additional funds advanced on July 22, to be declared nondischargeable.

Several courts have addressed this issue, yet the law in this area still seems to be unclear. In the case of *In re Blatz*, 37 B.R. 401 (E.D.Wisc.1984) the bankruptcy court held that only the amount of fresh cash which the bank provided the debtor in reliance on a false financial statement should be declared nondischargeable. The court reasoned that in a tort action, the injured party is entitled to recover such damages as result directly, naturally and proximately from the fraud. *Id.* at page 405. As citation for this principal, the Court relied on *Danns v. Household Finance Corp.*, 558 F.2d 114 (2nd Cir.1977). At the other end of the spectrum is *In re Carter*, 7 B.C.D. 1046, 11 B.R. 992 (MD Tenn.1981). That court held that when credit is renewed at a debtor's request, and in reliance on a false financial statement, and no new funds are advanced, the renewed debt is rendered nondischargeable as a punitive measure. This court believes that neither of these opinions are correct.

According to *In re Albert Tomei*, 9 B.C.D. 1166, 24 B.R. 204 (WD NY 1982) bankruptcy judges "appeared to have construed *Danns* to mean that a debt renewed in consideration of false financial statements is nondischargeable only to the extent that additional money is advanced to the debtor. *Danns* should not, however, be construed so broadly." *Id.* at page 1168, 24 B.R. 204. According to the legislative history of 11 U.S.C. 523(a)(2)(b) states:

> [I]n many cases, a creditor is required by state law to refinance existing credit on which there has been no default. If the creditor does not forfeit remedies or otherwise rely to his detriment on a false financial statement with respect to existing credit, then an extension, renewal, or refinancing of such credit is nondischargeable only to the extent of the new money advanced; on the other hand, if an existing loan is in default or the credi-

tor otherwise reasonably relies to his detriment on a false financial statement with regard to an existing loan, then the entire debt is nondischargeable under § 523(a)(2)(b). This codifies the reasoning expressed by the Second Circuit in *In re Danns*, 558 F.2d 114 (Second Circuit 1977).

Norwest presented no evidence that it forfeited any remedies or otherwise relied to its detriment on the false financial statement with respect to the existing loan. Therefore, this Court finds that only the sums advanced to the debtors as a result of the July 22 renewal should be held non-dischargeable.

In light of the recovery, this Court finds that attorney fees in the amount of $100.00 are appropriate.

This memorandum opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.