In the Matter of William Joseph WRIGHT and Carol Ann Wright, his wife, Bankrupts.

MINNESOTA SMALL LOAN CO.

v.

William Joseph WRIGHT and Carol Ann Wright, his wife, and James K. McNamara, Interim Trustee.

Bankruptcy No. 80–00369.
Adv. No. 80–0336.

United States Bankruptcy Court, W.D. Pennsylvania.

July 15, 1985.

Kenneth D. Chestek, Erie, Pa., attorney for plaintiff.

Thomas S. Kubinski, Erie, Pa., for defendant-debtors.

James K. McNamara, Erie, Pa., pro se for trustee.

## MEMORANDUM AND ORDER

WM. B. WASHABAUGH, Jr., Bankruptcy Judge,

Exhibits attached to the plaintiff's complaint for determination that the $1,100.00 balance of a loan for $1,200.00 it granted the debtors to refinance and consolidate an earlier loan with an advance of "new money" of about $200.00 indicate that the debtors had made payments regularly on prior loans renewed six or seven times before the instant loan. The only relevant facts on which the parties disagreed at the hearing were whether the advance of so-called new money plaintiff advanced in addition to retaining the balance of the last prior loan was $200.00 or $190.00 (the somewhat illegible and confusing exhibits seem to indicate the balance of the last preexisting loan was $777.00).

The debtor was employed as a teacher in the Millcreek Township School District and did business with the plaintiff small loan company in Minnesota because of its advertisements in a teacher's service magazine.

The plaintiff argues that one of its employees instructed debtors by telephone to be sure and list all of their creditors on the application form mailed to them to fill out and return but debtors say they were told to simply list a few names of concerns they had done business with on credit as formal references as a required formality to the granting of the loan. The debtors' testimony that they had negotiated a number of similar loans and renewals thereof in the past six or seven years from plaintiff over the telephone and the employees of plaintiff were always cordial with them and assured them there would be no question about the granting of the requested loans is corroborated by the copies of ledgers showing the debtors made regular payments on said loans for the period indicated.

The plaintiff endeavored to prove its case by affidavit and took the position that the hardly readable statement in small print at the top of the first page of the form that the applicants were to list all their debts on the application was an understandable notice to the debtors that this was an important instruction with which it was essential they strictly comply, but it is not impressive in the face of the debtors' record of regular payments and their testimony they were told that the filling out of the form was a mere formality and the creditors they were to list were for reference purposes only.

The creditors listed by the debtors were shown as having a total indebtedness of $6,200.00 as compared with the $56,400.00 shown on their bankruptcy schedules filed some seven months after the date of the loan application, but this matter disappears as an element of the case in the face of the small amount of the advancement of new

money involved and the debtors' earlier impeccable payment record.

■ It is apparent that the plaintiff made the advance of $200.00 or less and refinanced the balance of the existing loan on the strength of the debtors' record in making regular payments on the earlier loans over a period of six or seven years rather than because of the representations of said debtors in the loan application form sent to them by mail to fill out. There is a split authority on the question, but the federal and in our opinion better view appears to be that the maximum amount for which a claim based on representations of a debtor in the application for an additional advance can be held non-dischargeable is the amount of the new money advanced exclusive of the balance of the re-financed amount of the previously existing loan: *In re Peterson*, 437 F.Supp. 1068 (D.C.Minn. 1977); *In re Ellis*, 400 F.Supp. 1112 (S.D. N.Y.1975) and cases cited.

It is ORDERED that because of the foregoing reasons and supporting authorities, the within action to determine dischargeability of indebtedness is dismissed.