In re Clarence Ronald STUERKE and Nancy Lee Stuerke, Debtors.

Billy T. BELL and Irene Bell, Appellants,

v.

Clarence Ronald STUERKE and Nancy Lee Stuerke, Appellees.

BAP No. CC–85–1396–MVAb.
Bankruptcy No. LA 84–23311 BRO.

United States Bankruptcy Appellate Panels, of the Ninth Circuit.

Submitted March 19, 1986.

Decided May 16, 1986.

Cyril Lawrence, Cyril Lawrence, Inc., Merced, Cal., for appellants.

Before MEYERS, VOLINN and ABRAHAMS, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

This is an appeal from the trial court's grant of summary judgment in favor of the Debtors in an adversary proceeding objecting to their discharge and seeking a determination that an obligation be declared nondischargeable. The objecting creditors, Billy and Irene Bell, appeal from this decision. The Bells contend they have raised an issue of material fact sufficient to survive summary judgment. We agree and REVERSE.

### II

#### FACTS

The Debtors, Clarence Ronald Stuerke and Nancy Lee Stuerke, filed a voluntary Chapter 7 petition on November 30, 1984. Among the debts listed for discharge is a state court judgment against the Debtors in favor of the Bells for $7,225.00. In the schedule of assets attached to their petition, the Debtors listed debts totaling $240,152 and assets of $207,025, yielding a *negative* net worth of $32,127. However, 18 months earlier, on May 23, 1983, the Debtors had executed a residential loan application. Therein, the Debtors listed total assets of $96,724, total liabilities of $12,476 and a *positive* net worth of $84,248. Taken together, these two documents indicate that in the 18 months before the petition was filed, the Debtors suffered a net financial reversal of over $116,000.

Two days before the bar date, the Bells objected to the discharge by instituting an adversary proceeding against the Debtors. The Bells listed four grounds for objection in their complaint. It was alleged that the Debtors transferred or removed certain assets with the intent to hinder, delay or defraud the creditors; concealed assets of the estate; made a false oath in their bankruptcy proceeding and failed to explain satisfactorily a loss or deficiency of assets. On April 11, the Bells amended their complaint to add a fifth cause of action asking that the obligation owed to them be declared nondischargeable.

The Debtors filed a motion for summary judgment. A hearing was held on this motion on August 26, 1986, with the order

granting summary judgment in favor of the Debtors being entered on October 2, 1985.

A notice of appeal was filed on September 25, 1985. This was a premature notice of appeal filed after the hearing but before the order was entered. An amended notice of appeal was filed on October 21, 1985.

## III

## DISCUSSION

### A. Premature Notice of Appeal

▮ The notice of appeal filed in this case is premature. It was filed seven days before the order appealed from was entered. The Ninth Circuit Court of Appeals in interpreting former Bankruptcy Rule 802 found that a premature notice of appeal was valid. *Matter of the Brickyard*, 735 F.2d 1154, 1156 (9th Cir.1984). Former Bankruptcy Rule 802 does not differ significantly from Bankruptcy Rule 8002. When the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon, the policy of the Ninth Circuit is to prevent the loss of the right to appeal. *Matter of the Brickyard, supra,* 735 F.2d at 1156–57; *Calhoun v. United States,* 647 F.2d 6, 10 (9th Cir.1981). We, therefore, hold that this premature notice of appeal is valid and timely filed.

### B. Motion for Summary Judgment

▮ In reviewing the granting or denial of a summary judgment motion, this Panel applies the same test which the trial court applies under Fed.R.Civ.P. 56(c) and Bankruptcy Rule 7056. *In re Stephens,* 51 B.R. 591, 594 (9th Cir. BAP 1985). Bankruptcy Rule 7056 makes Rule 56(c) applicable to summary judgment motions in adversary proceedings. A grant of summary judgment will be affirmed only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *In re Stephens, supra,* 51 B.R. at 594; *In re Zupancic,* 38 B.R. 754, 757 (9th Cir. BAP 1984).

The sole issue before us is whether any genuine issue of material fact exists that would preclude entry of summary judgment. The record consists of the complaint, the answer, an amendment to the complaint, the motion for summary judgment, the parties' legal memoranda, the 1983 application by the Stuerkes for a loan, a set of interrogatories served on the Bells, the opposing declaration of Cyril L. Lawrence and two supporting declarations, one by Hardy R. Gold, the attorney for the Debtors below; the other by Nancy Lee Stuerke.

The Bells, as the parties opposing summary judgment, are entitled to all favorable inferences that may be drawn from the evidence. *In re Zupancic, supra,* 38 B.R. at 759. The complaint and the opposing declaration of Mr. Lawrence raise the question of why there is a discrepancy of over $116,000 between the Debtors' net worth as stated in the bankruptcy petition and as stated 18 months earlier in their loan application. Mr. Lawrence's declaration questions whether the market values in the Debtors' bankruptcy schedules were substantially understated.

▮ The loan application was included by the Debtors in support of their motion. It shows that 18 months before filing a Chapter 7 petition, the Debtors had declared under oath that they had assets of $96,724, a net worth of $84,248 and total liabilities of only $12,476. This discrepancy between the Debtors' two estimates of their net worth is a specific fact showing there is a genuine issue for trial. *In re Sarner,* 22 B.R. 63, 64 (9th Cir. BAP 1982).

▮ The supporting declaration of Nancy Lee Stuerke does not sufficiently explain this discrepancy. She stated that in filling out the loan application she had used estimates of the replacement cost of the listed assets, while in her petition she had used the market value method of valuation. She gave only one example of the effect that these different valuation methods would produce—that of an old player piano now in need of repair. But even in this sole example, the Debtors failed to indicate

the precise value assigned to this asset in either the declaration or the bankruptcy schedules. In addition, Mrs. Stuerke claimed that her family was forced to file bankruptcy owing largely to medical bills.

■ This explanation of the shift in the fortunes of the Stuerke family may well be true, but it is not specific enough. Vague and indefinite explanations of losses that are based on estimates uncorroborated by documentation are unsatisfactory. *In re Chalik*, 748 F.2d 616, 619 (11th Cir. 1984). Mrs. Stuerke did not list the amount of even one medical bill. She did not state the difference between valuing her piano by the replacement cost method and valuing it by market value. The question of whether a debtor satisfactorily explains a loss of assets is a question of fact. 748 F.2d at 619.

■ On a summary judgment motion, the Debtors, as the movants, had the burden of explaining any material change in financial position during the 18 months prior to filing a Chapter 7 petition. *In re Stephens, supra,* 51 B.R. at 595. To satisfy this burden they would at least have to explain in detail all of the material changes of value reflected in their loan application and schedules.

■ Summary judgment is not a device to be employed by a trial court to dispose of litigation simply because it appears that the plaintiff may have a weak case. *Garter-Bare Co. v. Munsingwear, Inc.,* 650 F.2d 975, 979 (9th Cir.1980). Summary judgment is not to be granted lightly and is not a substitute for the trial of disputed issues of fact. *In re Stephens, supra,* 51 B.R. at 594. Fraud claims in particular are normally so attended by factual issues that summary judgment is seldom possible. 51 B.R. at 594.

■ Complaints objecting to a debtor's discharge are directed to challenging actions which concern the very integrity of the bankruptcy process. *See Kentile Floors, Inc. v. Winham,* 440 F.2d 1128, 1131 (9th Cir.1971). Therefore, such complaints should be tried on their merits, ex-

cept when it is clear that there is no evidence in the record which could support such an action.

We REVERSE the trial court's order granting summary judgment.