In re Marilyn Arnetha GREENIDGE, Debtor.

HOUSEHOLD FINANCE CORPORATION, Plaintiff,

v.

Marilyn Arnetha GREENIDGE, Defendant.

Bankruptcy No. 86–40701–COL.
Adv. No. 87–4004–COL.

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

July 9, 1987.

Stephen G. Gunby, Columbus, Ga., for plaintiff.

Wallace Anthony Kitchen, Columbus, Ga., for defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

This matter came before the Court for trial on May 21, 1987. The Plaintiff, Household Finance Corporation (HFC), filed a complaint against the Debtor to determine dischargeability of a debt pursuant to 11 U.S.C. Section 523(a)(2)(B), for allegedly executing a false financial statement in connection with refinancing a pre-existing loan with the Plaintiff and obtaining an additional advance of cash.

As a result of a solicitation letter from HFC, Mrs. Greenidge applied for and obtained a loan from HFC on October 14, 1985 in the amount of $2209.10. The loan was to refinance a prior debt of $1244.10 and to obtain an additional advance of cash of $791.12. There were also charges for credit life and credit disability insurance. The Debtor submitted to HFC a financial statement which she signed. This financial statement showed debts of $3750.87. Debtor actually had debts of over $23,000, including a debt approximately $13,000 to GMAC.

The Debtor filed her petition in bankruptcy on November 10, 1986. The Court ruled at trial, based on Findings of Fact and Conclusions of Law made from the bench, that the debt was non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(B). It took under advisement the question whether HFC is entitled to have its entire debt declared non-dischargeable because of the false financial statement submitted, or whether only the additional funds advanced on October 14, 1985 should be declared non-dischargeable. Counsel were instructed to submit briefs on the proper measure of damages.

The exception to discharge in this case is based on 11 U.S.C. Section 523(a)(2)(B). Section 523(a)(2)(B) provides that:

"(a) A discharge under Section 727 ... of this title ... does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive...."

Each of these elements must be shown by clear and convincing evidence. Both new money and refinancing of credit were obtained here. The Court must consider whether or not HFC has proven its reasonable reliance and the Debtor's intent to deceive as to both the new money and the refinanced debt.

The courts have split on whether the entire debt or only the "fresh cash" should be declared non-dischargeable. All agree that new money extended in reliance on a false financial statement is not dischargeable. *See In Re Gadberry*, 37 B.R. 752, 753 (Bankr.C.D.Ill.1984); *In Re Barnacle*, 44 B.R. 50, 54 (Bankr.D.Minn.1984).

Several courts hold that this is all that can be found non-dischargeable. *See Matter of Wright*, 52 B.R. 27, 29 (Bankr.W.D.Pa. 1985); *Barnacle*, 44 B.R. at 54. Others have held that where a creditor has reasonably relied upon a false financial statement in refinancing an existing loan the entire debt is non-dischargeable. *See In re Tomei*, 24 B.R. 204 (W.D.N.Y.1982); *In re Ojeda*, 51 B.R. 91 (Bankr.D.N.M.1985). These cases both quoted from the legislative history of Section 523:

"In many cases, a creditor is required by state law to refinance existing credit on which there has been no default. If the creditor does not forfeit remedies or otherwise rely to his detriment on a false financial statement with respect to existing credit, then an extension, renewal, or refinancing of credit is nondischargeable only to the extent of the new money advanced; on the other hand, *if an existing loan is in default or the creditor otherwise reasonably relies to his detriment on a false financial statement with regard to an existing loan, then the entire debt is nondischargeable under section 523(a)(2)(B).* This codifies the reasoning expressed by the second circuit in *In re Danns*, 558 F.2d 114 (2d Cir.1977)." (Emphasis added.) Statement by the Hon. Don Edwards, September 28, 1978, reprinted in U.S.Code Congressional and Administrative News, 95th Cong., 2d Sess., 5787, 6436, at 6453 (1978).

This Court believes that the better view is that a false representation in connection with a renewal or refinancing of credit may render the entire debt nondischargeable. However, reliance on the false financial statement must be shown as to the refinancing for the refinanced portion to be nondischargeable. The courts in *Ojeda* and *Gadberry* each found that while the entire debt could be found nondischargeable if reliance was shown, that such reliance was not shown as to the refinanced portion in those cases, and that in *Ojeda* only the new sums advanced should be held nondischargeable. *Ojeda* at 92; *Gadberry* at 754.

The burden of proof in nondischargeability cases is on the creditor to show its reliance on the false financial statement. *In re Danns*, 558 F.2d 114, 116 (2nd Cir., 1977). Each element, including reliance, must be shown by clear and convincing evidence. *In re Coughlin*, 27 B.R. 632, 635–636 (1st Cir.B.A.P.1983); *In re Gunn*, 23 B.R. 20, 22 (Bankr.S.D.Fla.1982). HFC has not met its burden of proving by clear and convincing evidence its reliance as to the refinanced portion of the debt. HFC's evidence was inadequate to prove that it forfeited any remedies or otherwise relied to its detriment on the Debtor's false financial statement in refinancing the earlier debt as it did in extending new credit. Therefore, this Court finds that the refinanced portion of the debt is dischargeable.

The amount that is nondischargeable is an amount which cannot be determined based on the record at this time. That amount would be the amount of principal, interest, and other charges that are associated only with the advance of new money and not with the refinancing of the pre-existing debt. Plaintiff is directed to prepare a proposed order in this case consistent with this opinion and setting forth the amount of principal, interest, and other charges that it contends should be included in such judgment. Such proposed judgment shall be furnished to attorney for Defendant who is directed to notify attorney for Plaintiff within five working days of any disagreement with the form or amount of the proposed judgment. If agreement cannot be reached, upon notification from attorney for the Plaintiff the Court will schedule a hearing to determine the form and amount of the judgment.