In re Jimmie Dale **DUNCAN**, Debtor.

**CHEYENNE MOUNTAIN BANK, a Colorado corporation, Plaintiff,**

v.

**Jimmie Dale DUNCAN, Defendant.**

**Bankruptcy No. SA 90–03884 JR.**
**Adv. No. SA 90–0792 JR.**

United States Bankruptcy Court, C.D. California.

Jan. 17, 1991.

William M. Burd, Burd & Marshack, Santa Ana, Cal., for debtor.

Alan F. Broidy, Rosen & Broidy, Los Angeles, Cal., for plaintiff.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

Debtor brought a motion to dismiss certain claims for relief in plaintiff's complaint for nondischargeability of a state court judgment and alternatively for summary

judgment on the remaining claims. I heard the matter on November 15, 1990. On the bench I dismissed plaintiff's third, fourth, fifth, seventh, eighth and ninth causes of action. I gave the plaintiff 30 days to amend the complaint (the "Complaint"). As to the first and second causes of action, I took the matter under submission to decide whether plaintiff must plead the extension of "new money" in order to establish a § 523(a)(2)(B) cause of action. As for the sixth cause of action, I continued debtor's motion for summary judgment to January 3, 1991 in order to give plaintiff some additional time to conduct discovery. I also continued debtor's motion for sanctions under Bankruptcy Rule 9011.

Prior to the January 3, 1990 hearing, plaintiff filed its amended complaint (the "Amended Complaint") setting forth four causes of action. The first and second causes of action remain the same as in the Complaint except that plaintiff added some additional allegations and facts. The sixth and ninth causes of action in the Complaint became the third and fourth causes of action in the Amended Complaint. Debtor moved to dismiss the first and second causes of action in the Amended Complaint because I had taken them under submission to grant summary judgment on the third cause of action and to dismiss the fourth cause of action in the Amended Complaint for failure to state a cause of action upon which relief can be granted.

At the January 3, 1990 hearing, I told counsel I intended (1) to dismiss the first and second causes of action in the Complaint which I had taken under submission after the November 15, 1990 hearing, (2) to approve debtor's motion for summary judgment on the third cause of action in the Amended Complaint, because plaintiff conceded that it had developed no evidence to rebut debtor's contentions, and (3) to take under submission the motion to dismiss the fourth cause of action in the Amended Complaint.

## JURISDICTION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

## STATEMENT OF FACTS

On June 7, 1990, debtor filed a voluntary petition for relief under Chapter 7. September 10, 1990 was fixed as the last day for filing complaints under § 523 and § 727 of the Bankruptcy Code. Plaintiff filed the Complaint to determine nondischargeability of debt and for denial of discharge. The complaint sets forth nine claims for relief.

At the hearing on November 15, 1990, I dismissed plaintiff's third, fourth, fifth, seventh, eighth and ninth causes of action. I gave plaintiff 30 days to amend. The basis for dismissal of these causes of action was plaintiff's failure to state a claim upon which relief can be granted and to plead fraud with sufficient particularity.

As to the first and second causes of action in the Complaint, debtor contends plaintiff failed to state causes of action upon which relief can be granted. Plaintiff did not allege that any new funds were advanced to debtor upon reliance on the alleged false financial statements, nor alternatively, did plaintiff allege that it forfeited any remedies or suffered any detriment as a result of the renewal of the loans.

Plaintiff alleges in its first cause of action that debtor delivered to plaintiff a false financial statement dated January 1, 1987, and that plaintiff reasonably relied on the financial data in the financial statement to make a loan to debtor in the sum of $175,000. Plaintiff attached a note dated April 11, 1987 as evidence of the loan. The note, however, showed that the transaction involved the renewal of an existing loan.

In plaintiff's second cause of action, plaintiff alleges another claim under § 523(a)(2)(B) based on a second financial statement dated August 1, 1987. The only facts asserted to support this claim for relief were that on or about February 16, 1988, debtor made, executed and delivered to plaintiff a loan extension agreement, and plaintiff reasonably relied on the August 1987 financial statement in agreeing to the loan extension.

Debtor asserts that the first and second causes of action are deficient because no new money is pled, and this is a necessary element of a § 523(a)(2)(B) cause of action. Furthermore, even if this is not the case, plaintiff must allege detriment, which plaintiff failed to do.

Debtor also moved for summary judgment on the sixth cause of action asserting that plaintiff has not presented any facts or evidence to satisfy its burden of proof. Plaintiff responded that it needed some additional time to conduct discovery to support its § 727(a)(4)(A) allegation that debtor made a false oath with respect to information relating to the Duncan Family Trust (the "Trust") and income regarding the sale of certain real property for $165,000, which property belonged to the Trust.

Thereafter, plaintiff filed the Amended Complaint which restated the first and second causes of action with additional allegations that the underlying obligations were in default at the time they were renewed, and that plaintiff relied to its detriment on the false financial statements in renewing these obligations. The Amended Complaint also included a third and fourth cause of action which incorporated the sixth and ninth causes of action of the Complaint, respectively. The plaintiff decided not to amend the previously dismissed third, fourth, fifth, seventh and eighth causes of action of the Complaint.

Plaintiff moved to dismiss the first, second and fourth causes of action of the Amended Complaint. The hearing was set for January 3, 1991, the continued hearing date on the summary judgment motion on the sixth cause of action of the Complaint.

At the January 3 hearing, I indicated my preliminary decision to dismiss the first and second causes of action in the Complaint. However, I noted that the first and second causes of action in the Amended Complaint appeared to satisfy the pleading deficiencies relating to detrimental reliance on false financial statements under § 523(a)(2)(B). I also granted debtor's motion for summary judgment on the sixth cause of action in the Complaint (later stated as the third cause of action in the Amended Complaint) based on plaintiff's declaration of non-opposition and failure to provide evidence to rebut debtor's motion for summary judgment. I decided to take under submission the motion to dismiss the fourth cause of action for failure to state a claim upon which relief can be granted on the issue of whether it is necessary for plaintiff to plead that debtor was asked to explain any loss of assets or deficiency of assets and failed to satisfactorily respond.

## DISCUSSION

■ The first issue for discussion is whether plaintiff must assert "new money" as a necessary element of a § 523(a)(2)(B) cause of action. Debtor points out that there is a split of authority on this question. Some bankruptcy courts point to *In re Danns*, 558 F.2d 114 (2d.Cir.1977), as precedent for the view that, where there is a loan renewal, only the amount of the "fresh cash" should be determined nondischargeable. See *In re Barnacle*, 44 B.R. 50 (Bankr.D.Minn.1984); *In the Matter of Wright*, 52 B.R. 27 (Bankr.W.D.Penn.1985); *In re Curl*, 64 B.R. 14 (Bankr.W.D.Missouri 1986). Other cases follow *In re Carter*, 11 B.R. 992 (Bankr.M.D.Tenn.1981) in which the court held that, on a renewal loan, a claim encompassing both the amount of new money and the previous obligation should be held nondischargeable as a punitive measure of relief. See *In re Greene*, 85 B.R. 747 (Bankr.N.D.Ohio 1988); *In re Tomei*, 24 B.R. 204 (W.D.N.Y. 1982); *In re Greenidge*, 75 B.R. 245 (Bankr. M.D.Ga.1987).

It is my view that "new money" is not a necessary element of a cause of action un-

der § 523(a)(2)(B). Section 523(a)(2)(B) provides for an exception to discharge:

for money, property, services or an extension, renewal or refinancing of credit to the extent obtained by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive....

The statutory language clearly encompasses an *extension, renewal or refinancing of credit.* It does not limit the application of § 523(a)(2) to new money. This view has further support through the legislative history which provides:

"In many cases, a creditor is required by state law to refinance existing credit on which there has been no default. If the creditor does not forfeit remedies or otherwise rely to his detriment on a false financial statement with respect to existing credit, then an extension, renewal or refinancing of credit is nondischargeable only to the extent of the new money advanced; on the other hand, if an existing loan is in default or the creditor otherwise reasonably relies to his detriment on a false financial statement with regards to an existing loan, then the entire debt is nondischargeable under § 523(a)(2)(B). This codifies the reasoning expressed by the Second Circuit in *In re Danns,* 558 F.2d 114 (2nd Cir.1977)." 124 Cong.Rec. ¶ 11,095-6. Statement by Rep. Don Edwards, September 28, 1978, reprinted in the U.S.Code Cong.Admin. News, 95th Cong. 2d Sess. 587, 6436, at 6453 (1978).

Debtor argues that the legislative history supports his position by reason of the reference to the *Danns* case which debtor contends holds that new money is required. However, the above legislative statement does not support this interpretation of *Danns.* The focus in the legislative history is on detrimental reliance and not on whether fresh money is or is not advanced. For example, if no new money is advanced and a creditor renews a loan relying on a false financial statement, but suffers no detriment, § 523(a)(2)(B) does not apply. Additionally, if new money is extended and an old loan is renewed based on a false financial statement, but the creditor "does not forfeit any remedies or otherwise rely to his detriment on the financial statement" in renewing the loan, only the claim representing the new money is nondischargeable. Lastly, where new money is lent and an old obligation in default is renewed, the creditor can assert a nondischargeable claim for the new and old obligations to the extent detrimental reliance can be shown for both.

These examples are not in conflict with the reasoning of *Danns, supra. Danns* involved the renewal of a loan and a loan of additional money. The court stated that the creditor had the burden of proving the exception. In reviewing the record, it found no evidence that the original loan was renewed in reliance on a false representation. *Id.* at 116. If it had, the court might have found detrimental reliance with respect to the original loan. Since it had no evidence to support such a finding, it limited the nondischargeable amount of the claim to the "new money" where the lender had relied on a false statement.

The bankruptcy court in *Tomei, supra,* supports this view. It stated that the bankruptcy judge "[a]ppears to have construed *Danns* to mean that a debt renewed in consideration of false financial statements is nondischargeable only to the extent that additional money is advanced to the debtor. *Danns* should not, however, be construed so broadly." *Id.* at 206. In *In re Ojeda,* 51 B.R. 91 (Bankr.D.N.M. 1985), the bankruptcy judge analyzed *Danns* and the legislative history in the same way. In *Ojeda,* the creditor renewed a loan and lent additional money. Although the court found that only the part of the claim representing new money should be held nondischargeable, it did so because the plaintiff "[p]resented no evi-

dence that it forfeited any remedies or otherwise relied to its detriment on the false financial statement with respect to the existing loan." *Id.* at 92.

Accordingly, the plaintiff does not have to plead the loan of new money as a necessary element of its first and second causes of action in the Complaint. However, plaintiff must plead detrimental reliance in order to support a § 523(a)(2)(B) cause of action. Plaintiff did not do that in the first and second causes of action in the Complaint. For this reason, debtor's motion to dismiss the plaintiff's first and second causes of action in the Complaint is granted.

At the January 3, 1990 hearing, debtor moved to dismiss the first and second causes of action in the Amended Complaint because I had taken those very same causes of action in the Complaint under submission. The Amended Complaint does assert a default in the underlying obligations that were renewed, as well as detrimental reliance, in renewing those obligations based on the allegedly false financial statements. Since plaintiff has adequately pled detrimental reliance in connection with the first and second causes of action in the Amended Complaint, I deny debtor's motion to dismiss them.

■ Turning to the fourth cause of action in the Amended Complaint, debtor moved to dismiss § 727(a)(5) claim to except debtor's discharge because debtor allegedly failed to explain satisfactorily a significant reduction in the value of personal property between August 1987 and June 1990. Plaintiff states that in the August 1987 financial statement, debtor listed personal property of the value of $200,000. In June, 1990 when debtor filed his schedule B–2, debtor listed various personal property at an aggregate value of $12,950. Plaintiff alleges that debtor has, therefore, failed to explain satisfactorily the loss or deficiency of assets and thereby is not entitled to a discharge of his debts.

Debtor responds that the essential elements of a § 727(a)(5) cause of action are (1) a showing assets are missing; (2) a request for an explanation about the missing assets; and (3) failure by debtor to give a satisfactory explanation. See 4 Collier Bankruptcy Guide, ¶ 75.19, page 75–32 (1990). Since plaintiff has failed to assert that a request was made or that debtor failed to give a satisfactory explanation in response to the request, debtor contends that plaintiff has failed to state a claim upon which relief can be granted. As stated in Collier Bankruptcy Guide, "It would seem that a request for an explanation be made by an interested party, such as the United States Trustee, trustee, or creditor, before the debtor can reasonably be said to have 'failed to explain satisfactorily' a loss or deficiency of assets to meet liabilities." *Id.* at 75–33.

In response, plaintiff argues that *In re Stuerke*, 61 B.R. 623 (9th Cir. BAP 1986), supports the view that all the plaintiff has to show is a shrinkage of assets in order to establish a prima facie claim under § 727(a)(5). *Stuerke* involved a motion for summary judgment in which the lower court had granted summary judgment on the basis that no genuine issue of material fact existed. In reviewing the record, the BAP determined that the reduction in debtor's net worth of $116,000 within an 18 month period raised a genuine issue for trial. *Id.* at 625. Debtor's declaration in response to the motion for summary judgment did not sufficiently explain this discrepancy. According to the BAP, the explanation of the shift in the fortunes of the Stuerke family may have been true, but it was not specific enough. Vague and indefinite explanations of losses that are based on estimates uncorroborated by documentation are unsatisfactory. *Id.* at 626. The BAP went on to say that "Complaints objecting to a debtor's discharge are directed to challenging actions which concern the very integrity of the bankruptcy process.... Therefore, such complaints should be tried on their merits, except when it is clear that there is no evidence in the record which could support such an action." *Id.* at 626.

*Stuerke* is not really on point. I understand the reasoning of the BAP in connection with the issue of whether a genuine

factual issue existed for trial. The issue before me is whether or not the plaintiff must plead, as a necessary element of the cause of action under § 727(a)(5), an instance where debtor has not satisfactorily explained a reduction in assets. The BAP in *Stuerke* was uncomfortable with debtor's explanation. Here, debtor never had the opportunity to respond to a question regarding the reduction of assets over a three year period. There may be some reasonable explanation for this difference. At this point, we have no explanation. How can I determine that the debtor has failed to explain satisfactorily these differences if he has never had the opportunity to give an explanation? The question should not be raised for the first time in a complaint. The Bankruptcy Code and Rules provide plenty of opportunities to inquire of a debtor regarding differences in assets and liabilities. Under § 341(a) a creditor can inquire of a debtor at the meeting of creditors. Additionally, under Bankruptcy Rule 2004 a creditor can inquire into the financial affairs of the debtor and demand an explanation regarding any relevant differences in assets and liabilities as reflected on debtor's schedules.

The response of plaintiff is misplaced when it focuses on the burden of proof and who bears the burden of proceeding. I agree that assuming a cause of action is properly pled from an evidentiary standpoint, the initial burden of going forward is on the objecting party. The objecting party only has to introduce some evidence of disappearance of substantial assets or of an unusual transaction and failure of debtor to respond satisfactorily to the inquiry. The burden then shifts to the debtor to satisfactorily explain what happened. The issue before me, however, is whether plaintiff has satisfactorily pled the requisite elements of a § 727(a)(5) cause of action. In my view, plaintiff has not when plaintiff does not raise failure to satisfactorily explain the differences prior to the filing of the complaint.

Accordingly, the motion of debtor to dismiss the fourth cause of action for failure to state a claim upon which relief can be granted is· granted.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.

## ORDER

In accordance with the findings of fact and conclusions of law set forth in my memorandum opinion of this date, it is

ORDERED that debtor's motion to dismiss plaintiff's first and second causes of action in the Complaint is granted;

IT IS FURTHER ORDERED that debtor's motion to dismiss plaintiff's first and second causes of action in the Amended Complaint is denied;

IT IS FURTHER ORDERED that debtor's motion for summary judgment on the third cause of action in the Amended Complaint is granted; and

IT IS FURTHER ORDERED that debtor's motion to dismiss plaintiff's fourth cause of action is granted.