**In re Lynda C. WRIGHT, Bankrupt.**

**John A. BAILEY, Plaintiff-Appellant,**

v.

**Lynda C. WRIGHT, Defendant-Appellee.**

No. 78–2159

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1978.

John A. Bailey, pro se.

Elaine Brady, Houston, Tex., for defendant-appellee.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This appeal presents the question of whether the rendition of professional services evidenced by a bankrupt's promissory note and reduced to state court judgment constitutes "property" within the meaning of Section 17a(2) of the Bankruptcy Act. On defendant's motion to dismiss, the United States Bankruptcy Court held that the underlying nature of the note was the rendition of legal services and thus did not constitute property under the Act. The District Court affirmed. We agree.

The first class of liabilities excepted from discharge under the Bankruptcy Act are those based upon the obtaining of money or property by false pretenses or representations. 1A Collier on Bankruptcy, ¶ 17.16 at 1628.3 (14th ed.). Professional services of all kinds, including legal services, are excluded from the definition of "property" as it pertains to the Bankruptcy Act. *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Hisey v. Lewis Gale Hospital*, 27 F.Supp. 20 (W.D.Va.1939).

▮▮▮ It is now axiomatic that where a provable claim is reduced to judgment by default, dischargeability may be dependent upon the nature of the claim behind the judgment.[1] 1A Collier on Bankruptcy, ¶ 17.16(4) at 1643 (14th ed.); *see In Re Houtman*, 568 F.2d 651 (9th Cir. 1978); *Matter of Pigge*, 539 F.2d 369 (4th Cir. 1976). The same reasoning must hold true with respect to promissory notes. The nature of the claim underlying the debt instrument is determinative of its dischargeability. Hence, though a promissory note allegedly induced by fraud was given to the plaintiff here, extrinsic evidence reveals that the nature and consideration for the promissory note was the rendering of legal services by the plaintiff. Such services are not "property" under § 17a(2) to which discharge can be excepted.

Plaintiff's reliance on *Fidelity & Deposit Company of Maryland v. Arenz*, 290 U.S. 66, 54 S.Ct. 16, 78 L.Ed. 176 (1933) is misplaced. The underlying basis for the execution of the surety bond in *Fidelity* was in no manner conditioned upon or related to the performance of services by the surety. In contradistinction, the promissory note in the instant case was unequivocally executed as a consequence of debt owed by the bankrupt for legal services rendered to him. Furthermore, unlike the surety bond, which was executed by the surety as a result of fraudulent misrepresentations of financial condition made by the bankrupt, the promissory note in the present case was not executed by the plaintiff, but by the bankrupt himself. Thus, section 17a(2) will not except plaintiff's debt from discharge under these facts.

The other contentions under Sections 17a(2) and 17a(4) were correctly disposed of by the Bankruptcy Court and we see no reason to disrupt the affirmance by the District Court.

AFFIRMED.

---

1. The Third Circuit has gone so far as to permit the Bankruptcy Court to go behind the State Court judgment where the issue of fraud was decided. *In re Johnson*, 323 F.2d 574 (3d Cir. 1963).