**In re Robert Russell FERRON, Debtor.**

**Patricia G. STEPHENS, Trustee in Bankruptcy, Plaintiff,**

**v.**

**Robert Russell FERRON, Defendant.**

**Bankruptcy No. 79–209.**
**Adv. No. 82–78.**

United States District Court,
D. Nevada.

Dec. 1, 1983.

Nick Harkins, Carson City, Nev., for plaintiff.

Neil Grad, Reno, Nev., for defendant.

**ORDER**

EDWARD C. REED, Jr., District Judge.

On February 10, 1983, defendant Robert Ferron moved to dismiss a complaint filed

in Bankruptcy Court by plaintiff Patricia Stephens, acting as Trustee. This motion was granted on February 11. Plaintiff received a copy of the Bankruptcy Court's order on March 2, and filed a Notice of Appeal to District Court on March 7, 1983. Defendant has requested that Plaintiff's appeal be dismissed because it was not timely filed.

Initially, the Court notes that the Complaint in this Adversary Proceeding named only "Robert Russell Ferron" as a defendant. On January 11, 1983, the Bankruptcy Court granted plaintiff leave to amend the Complaint to include as defendants the parties to whom defendant allegedly transferred his property, but it does not appear that an amended complaint was ever filed. Nevertheless, Plaintiff's Memorandum of Points and Authorities in Support of Appeal from Order of Dismissal names three additional defendants. The record does not indicate that these defendants were ever named in a complaint, or ever served in these proceedings.

Bankruptcy Rule 802(a) provided[1] that "[t]he notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from." Under Rule 802(c),

The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time[2] may be granted upon a showing of excusable neglect.

█ Rule 802 was adapted from Rule 4(a) of the Federal Rules of Appellate Procedure. Judicial construction of Rule 4(a)

may therefore be used in interpreting Rule 802. *See In re Estate of Butler's Tire & Battery Co.*, 592 F.2d 1028, 1033–34 (9th Cir.1979).

Prior to 1979, Rule 4(a) provided in part that

Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired, but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

In 1979, Rule 4(a) was amended, and now reads in part:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal *upon motion* filed not later than 30 days after the expiration of the time prescribed in this Rule 4(a) ... (emphasis added)

Prior to this amendment, the Ninth Circuit "took the view that a notice of appeal filed within the 30-day grace period of Rule 4(a) ... might be ordered 'filed' pursuant to a motion for extension of time, even when that motion was made after the expiration of the grace period." *Pettibone v. Cupp*, 666 F.2d 333, 335 (9th Cir.1982). However, under the language of the 1979 amendment a "formal motion, as opposed to the less formal procedure under the Rule prior to amendment," is required. *Id.*

█ Rule 802 requires a "request" to extend the time for filing, rather than a motion. However, it clearly contemplates

---

1. The Bankruptcy Rules cited in this Order were in effect at the time the appeal was filed. New Bankruptcy Rules have since been adopted.

2. The text of Rule 802 does not make clear whether "such time" refers to the 10-day period or the 20-day period. However, the Advisory Committee Note states that "the maximum

time allowable under this rule for filing an appeal is 30 days ...," thus indicating that the drafters intended that "such time" refer to the 10-day period. *See* 13 Collier on Bankruptcy ¶ 802.07[6] at 8–37 (14th ed.) ("The effect of [a contrary] interpretation would be to destroy finality—a result we can be sure the draftsmen never intended.").

"formal" procedures analogous to those now required under the amended version of Rule 4(a). For this reason, the Notice of Appeal filed in this case cannot be considered to be a motion for extension of time.[3]

Since plaintiff's counsel was notified of the judgment of the bankruptcy court 19 days after its entry, ample time remained in which an extension of time to file a notice of appeal could have been sought. No justification has been offered for the failure to do so.[4]

IT IS, THEREFORE, HEREBY ORDERED that the names of all defendants other than Robert Russell Ferron be stricken from the record in these proceedings.

IT IS FURTHER ORDERED that plaintiff's appeal is dismissed.

**3.** It is also defective as a motion for extension of time because it was filed after the 10-day period provided for in Rule 802(a), but failed to make any showing of "excusable neglect."

**4.** The plaintiff cannot claim excusable neglect based on lack of notice of the entry of judgment, because such notice was received prior to the expiration of the 30-day period set forth in Rule 802. Under Bankruptcy Rule 922(a), "Lack of notice of the entry [of the judgment] does not affect the time to appeal[,] or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, *except* as permitted in Rule 802." (Emphasis added). Under Rule 4(a), which is the source of Rule 802, courts may consider failure to learn of the entry of judgment as a factor in deciding whether to grant an extension of time. 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice & Procedure § 3950 at p. 366 (1977). Thus, had plaintiff sought an extension of time under Rule 802, one might well have been granted.