Annette BROWN, Plaintiff-Appellee,

v.

UNITED INSURANCE COMPANY OF AMERICA, Defendant-Appellant.

No. 86–4474.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1987.

---

Thomas H. Suttle, Jr., Daniel & Coker, Jackson, Miss., for defendant-appellant.

Paul Snow, Snow & Brantley, Jim Brantley, Jackson, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

PER CURIAM:

Appellee has moved to dismiss the appeal on the theory that appellant's notice of appeal was rendered ineffective by the pendency of an undisposed of motion to clarify the judgment. We deny the motion to dismiss.

The jury rendered a verdict adverse to defendant-appellant on April 8, 1986, and judgment (apparently dated April 25, 1986) against appellant on this verdict was entered on April 28, 1986. This judgment provided for $25,000 compensatory damages, $45,000 punitive damages, prejudgment interest (from June 3, 1980 to April 7, 1986) and postjudgment interest and costs. On May 6, plaintiff-appellee served and filed a motion for new trial as to punitive damages only, and on May 7, appellant served and filed motions for judgment n.o.v. and, alternatively, for a new trial; these motions were all timely and within the ten-day period allowed by Fed.R.Civ.P. Rules 50(b) and 59(b). By order dated June 4, 1986 and entered June 6, 1986, all the above-referenced May 6 and May 7 motions

of appellee and appellant were in all things denied. On July 2, appellant timely filed its notice of appeal. No other notice of appeal has been filed herein.

On July 2, appellant *also* filed its "Motion for Clarification of Judgment and Order." This motion, which makes reference to none of the Federal Rules of Civil Procedure, asks that the court "clarify its Final Judgment ... by stating specifically whether prejudgment interest is allowed" only on the $25,000 compensatory damages or on the $70,000 total of both the compensatory and the punitive damages; it alleges that defendant believes "the intent of the Court" was to allow prejudgment interest on only the $25,000 compensatory damages, that plaintiff's "position was to the contrary," and that defendant needs to know in order to compute the amount of its supersedeas bond. On July 25, the district court granted appellant's July 2 motion for clarification and ordered "that the Final Judgment dated April 25, 1986, is amended to reflect that the prejudgment interest shall be applied on the compensatory damages of $25,000.00 only."

Appellee contends that appellant's July 2 motion for clarification, which was undisposed of until July 25, vitiated appellant's otherwise proper and timely July 2 notice of appeal under the second sentence of Fed.R.App.P. Rule 4(a)(4), and that, there being no other notice of appeal, we accordingly lack appellate jurisdiction.[1] We disagree.

---

1. Appellant contends that its July 2 motion should be considered as one under Fed.R.Civ.P. Rule 60(a), in which case it would have no effect on the notice of appeal. *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 669 (5th Cir.1986). As to the proper subject matter for Rule 60(a) relief, *see Willie v. Continental Oil Co.,* 746 F.2d 1041, 1045 (5th Cir. 1984), *opinion on rehearing en banc,* 784 F.2d 706 (5th Cir.1986); *Jones v. Anderson-Tully Co.,* 722 F.2d 211 (5th Cir.1984). We do not find it necessary to determine whether the July 2 motion is properly considered as one under Rule 60(a), as opposed to Fed.R.Civ.P. Rule 60(b) or Rule 59(e). This distinction, however, may be important with respect to the question of the validity of the district court's July 25 order

granting the July 2 motion, a matter which is not now before us. As indicated in the text, *infra,* we hold that the July 2 motion is not one under Rule 59. Accordingly, the motion must be under either Rule 60(a) or Rule 60(b). Our further holding in the text, *infra,* is that even assuming *arguendo* (but not deciding) that the motion is under Rule 60(b), rather than Rule 60(a), that does not vitiate the July 2 notice of appeal. Nevertheless, if the July 2 motion is under Rule 60(b), then this calls into question the validity of the district court's July 25 order, for we have held that a valid and timely notice of appeal transfers jurisdiction to the appellate court, and that although the trial court may thereafter act in aid of the appellate court's

■ Rule 4(a)(4), Fed.R.App.P., and Fed. R.Civ.P. Rule 59 do not apply to motions directed to orders which *deny* timely postjudgment motions under Fed.R.Civ.P. Rules 50(b) or 59 and leave the original judgment in effect and unchanged. *See Wansor v. George Hantscho Co., Inc.,* 570 F.2d 1202, 1206 (5th Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978); *Ellis v. Richardson,* 471 F.2d 720 (5th Cir.1973); *Dockery v. Travelers Company of Hartford, Connecticut,* 349 F.2d 1017, 1018 (5th Cir.1965). *See also Williams v. Bolger,* 633 F.2d 410, 413 n. 3 (5th Cir.1980). As stated in 6A Moore's *Federal Practice* ¶ 59.13[4]:

> "A motion to alter or amend a judgment under Rule 59(e) that is served not later than 10 days after entry of judgment destroys the finality of the judgment for purposes of appeal. *If the motion is denied the finality of judgment is reestablished;* and the policy underlying finality precludes the court from entertaining a motion to reconsider that denial, where the reconsideration motion is served later than 10 days after entry of [the original] judgment." (Footnotes omitted; emphasis added.)[2]

■ While the above authorities are directly concerned with whether a motion for reconsideration filed after denial of a prior timely postjudgment motion under Rule 50(b) or Rule 59 operates to toll the time for filing notice of appeal under the first sentence of Fed.R.App.P. 4(a)(4), they nevertheless should also control for purposes of the second sentence of Rule 4(a)(4), which vitiates notice of appeal filed before disposition of the tolling motions referenced in the first sentence, because the second sentence is plainly predicated on the assumption that the appeal time has been tolled. Moreover, as the judgment entered April 28 was wholly unchanged by the order entered June 6, the July 2 motion to clarify must be considered as directed to the April 28 judgment; as such, the July 2 motion, even if it be considered as substantively a motion to alter or amend the judgment under Rule 59(e), was not timely. Rule 4(a)(4), by its terms, does not apply to untimely Rule 59 motions; and such motions which are untimely under Rule 59 must be treated as motions under Fed.R. Civ.P. 60(b) for purposes of Rule 4(a)(4). *Huff v. International Longshoremen's Association,* 799 F.2d 1087, 1090 (5th Cir. 1986); *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir.1986). Rule 60(b) motions are not among the motions referenced in the sec-

jurisdiction, as by *denying* a Rule 60(b) motion, or may grant relief under Rule 60(a), it may not *grant* Rule 60(b) relief without remand for such purpose or possibly other permission from the appellate court. *See Ferrell v. Trailmobile,* 223 F.2d 697, 699 (5th Cir.1955); *Lairsey v. Advance Abrasives Co.,* 542 F.2d 928, 932 (5th Cir.1976); *United States v. Hitchmon,* 602 F.2d 689, 692 (5th Cir.1979); *Alvestad v. Monsanto Co.,* 671 F.2d 908, 911 n. 2 (5th Cir.1982). While we may have sometimes allowed the district court to grant Rule 60(b) relief after notice of appeal and without appellate court permission, *see Oliver v. Home Indemnity Co.,* 470 F.2d 329 (5th Cir.1972), such decisions, if we assume that they are consistent with prior and subsequent precedents of this Court, are explainable only as an aspect of the "dual jurisdiction" concept, *see United States v. Dunbar,* 611 F.2d 985, 989 (5th Cir.1980), rather than on the theory that the appellate court does not have jurisdiction. *See Lairsey v. Advance Abrasives Co.,* 528 F.2d 991, 992 n. 1 (5th Cir.1976). And, the fact that the district court properly takes substantive action after the notice of appeal does not render the notice ineffective. *Alcorn County, Mississippi v. U.S. Interstate Supplies,* 731 F.2d 1160, 1164–66 (5th Cir.1984). The instant case does not present a situation, such as that in *Oliver,* where the district court's Rule 60(b) action entirely sets aside the order appealed from without entering any new appealable order, so that, assuming the validity of such action, there remains no appealable order to be reviewed regardless of the timeliness, lack of prematurity, and validity in all other respects of the notice of appeal.

**2.** While we have held otherwise with respect to orders which *grant* timely postjudgment motions so as to *actually amend* the judgment (at least where the amendment is substantively adverse to the party thereafter moving to amend the thus amended judgment), *see Harrell v. Dixon Bay Transportation Co.,* 718 F.2d 123, 126–29 (5th Cir.1983), that is not the present situation, for the order entered June 6 denied all the pending motions and made no change whatever in the judgment entered April 28.

ond sentence of Rule 4(a)(4), and Rule 4(a)(4) does not vitiate a notice of appeal filed while a pending Rule 60(b) motion remains undisposed of. *McGoldrick Oil Co. v. Campbell, Athey & Zukowski,* 793 F.2d 649, 652–53 (5th Cir.1986); *Fisher v. United States Department of Justice,* 759 F.2d 461, 465–66 (5th Cir.1985); *Lapeyrouse v. Texaco, Inc.,* 670 F.2d 503, 505–06 (5th Cir.1982).[3] *See also Alvestad v. Monsanto Co.,* 671 F.2d 908, 912 n. 3 (5th Cir.1982) (notice of appeal from denial of first Rule 60(b) motion filed while second Rule 60(b) motion is pending undisposed of is not vitiated by pendency of second motion which was filed twenty-four days after denial of first); *Lairsey v. Advance Abrasives Co.,* 528 F.2d 991, 992 n. 1 (5th Cir. 1976); *Lairsey v. Advance Abrasives Co.,* 542 F.2d 928, 930 (5th Cir.1976). *Cf. Eleby v. American Medical Systems, Inc.,* 795 F.2d 411 (5th Cir.1986) (orders denying Rule 60(b) motions that are untimely under Rule 59 are independently appealable; Rule 59(e) applies to such orders, and Fed.R. App.P. Rule 4(a)(4) applies to appeals therefrom). And, apart from Rule 4(a)(4), there is no general rule that "premature" notices of appeal are invalid. *See Metallurgical Industries, Inc. v. Fourtek, Inc.,* 771 F.2d 915, 916 (5th Cir.1985); *Alcorn County, Mississippi v. U.S. Interstate Supplies,* 731 F.2d 1160, 1164–66 (5th Cir.1984).

■ The July 2 motion, so far as concerns whether it affects the July 2 notice of appeal or our jurisdiction, is either a Rule 60(a) motion, a Rule 60(b) motion, or an untimely Rule 59 motion. No matter which of these characterizations is applicable, neither the July 2 notice of appeal nor our jurisdiction is vitiated. Accordingly, appellee's motion to dismiss is DENIED.

**3.** Appellee asserts that in *Carry v. Heckler,* 750 F.2d 1479 (5th Cir.1985), we dismissed an appeal under the second sentence of Rule 4(a)(4) because the notice of appeal was filed while there was pending an undisposed of *untimely* motion under Rule 59; appellee is in error, for the pending postjudgment motions in *Carry* were timely (the judgment was entered May 16, 1984; the motions were filed Tuesday, May 29; appellee overlooks the fact that Monday, May 28, 1984, was a legal holiday; see Fed.R.Civ.P. Rule 6(a)).