ALVIN B. RUBIN, Circuit Judge:
 

 The sole issue is whether monthly payments that a now-bankrupt man agreed in a property-settlement agreement to make to his ex-wife for her support for the rest of her life were, however labelled, in reality part of a property settlement, hence dis-chargeable in bankruptcy, or alimony and support payments that are nondischargeable. The bankruptcy court held that, on the evidence before it, the payments were for alimony or support, and the district court affirmed without further explanation. Persuaded that the bankruptcy court’s judgment is amply supported by the record, we affirm.
 

 Keith Eugene Benich and Jane W. Be-nich had been married for 18 years, during which Mr. Benich was in military service, when, in 1977, their marriage ended in divorce. They entered into a property-settlement agreement that required Mr. Benich to pay Mrs. Benich $725 a month for three months and $400 a month thereafter for the rest of her life or until she remarried. The payments were denominated as being for support.
 

 When Mr. Benich failed to make these and other payments required by the agreement, Mrs. Benich filed suit in Texas state court in 1981 to recover judgment for his breach of the agreement. That court rendered a lump sum award of $56,100 for Benich’s failure to make the monthly payments. Because Mr. Benich thereafter filed bankruptcy proceedings, Mrs. Benich
 
 *945
 
 sought a declaration that this debt was nondischargeable.
 

 The Bankruptcy Code declares that all debts are dischargeable unless they are subject to the objections set out in § 727(a)
 
 [1]
 
 or expressly made exempt from discharge.
 
 [2]
 
 Debts for maintenance or support of a wife or child are among those debts expressly exempt from discharge.
 
 [3]
 
 The Bankruptcy Code
 
 [4]
 
 requires the bankruptcy court, as that court properly held, to determine the true nature of the debt, regardless of the characterization placed on it by the parties’ agreement or the state court proceeding.
 
 [5]
 
 The bankruptcy court may, therefore, consider extrinsic evidence to determine the real nature of the underlying obligation in order to determine its dischargeability.
 
 [6]
 
 The burden is on the person who asserts nondischargeability of a debt to prove its exemption from discharge.
 
 [7]
 

 Because permanent alimony is not allowed under Texas law, we have examined Texas property settlements to determine whether some of the amounts paid pursuant to the agreement
 
 [8]
 
 were in reality paid for support of a spouse. We pointed out in
 
 In re Nunnally
 
 the support-type considerations that a Texas court may take into account in making the property division and award, such as the disparity in earning power of the parties, their relative business opportunities, the probable future need for support of the spouse who receives payments, their relative physical condition, the recipient’s educational background and probable future need for support, the fault for the breakup, and the benefits an innocent spouse would have received had the marriage continued. These are not legal criteria, as they are characterized by the parties, but relevant evidentiary factors that assist the bankruptcy court as trier of fact in determining the true nature of the debt created by the agreement.
 

 There was no evidence of fault on the part of either spouse or of Mrs. Benich’s inability to work,, and Mr. Benich testified that Mrs. Benich was well educated. On the other hand, she had not worked during the long marriage, was not shown to have any occupational training, and had unsuccessfully sought to obtain work during her marriage. The court further found it persuasive that the payments were intended as a substitute for any right Mrs. Benich would otherwise have had in Mr. Benich’s future military retirement benefits, for she had agreed not to proceed against these benefits in exchange for her ex-husband’s agreement to provide the payments termed “support.” Had she retained her property right in the retirement benefits, her interest in those payments would not have been defeated by Mr. Benich’s bankruptcy, for the retirement benefits would not have been an asset of the bankruptcy estate.
 
 [9]
 

 Mr. Benich makes much of the fact that Mrs. Benich did not testify, the only extrinsic evidence presented was his, and he testified that he had never intended to agree to pay alimony or support. While the intention of the parties is the ultimate question,
 
 [10]
 
 even the uncontradicted testimony of one of the spouses is not decisive.
 
 *946
 
 The trial court is entitled to weigh the credibility of the witness, the worth of the testimony when weighed against the language of the agreement, the actual situation of the parties at the time when the agreement was made, and any other evidence that may help to determine the reality of the nature of the payments. The findings made by a bankruptcy court after such an evaluation are immune to attack unless shown to be clearly erroneous.
 
 [11]
 
 We find no error let alone a decisive one.
 

 For these reasons the judgment is affirmed.
 

 [1]
 

 . 11 U.S.C. § 727(a) (1979 & 1986 Supp.).
 

 [2]
 

 . 11 U.S.C. § 523 (1979 & 1985 Supp.).
 

 [3]
 

 . 11 U.S.C. § 523(a)(5).
 

 [4]
 

 .
 
 Id.; cf.
 
 11 U.S.C. § 523(a)(5)(B).
 

 [5]
 

 .
 
 Brown v. Felsen,
 
 442 U.S. 127, 138, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979); Collier on Bankruptcy (15th ed.) § 523.15(3) & (5) (1986); S.Rep. No. 989, 95th Cong., 2d Sess. 77-79 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.
 

 [6]
 

 .
 
 In re Wright,
 
 584 F.2d 83, 84 (5th Cir.1978);
 
 Lyon
 
 v.
 
 Lyon,
 
 115 Utah 466, 206 P.2d 148 (1949).
 

 [7]
 

 .
 
 In re Calhoun,
 
 715 F.2d 1103, 1111 n. 15 (6th Cir.1983).
 
 See also In Re Knight,
 
 421 F.Supp. 1387, 1391 (M.D.La.1976),
 
 aff'd,
 
 551 F.2d 861 (5th Cir.1977).
 

 [8]
 

 .
 
 In re Nunnally,
 
 506 F.2d 1024, 1026 (5th Cir.1975).
 

 [9]
 

 .
 
 In re Nunnally,
 
 506 F.2d at 1025-26;
 
 Matter of Turpin,
 
 644 F.2d 472, 474 (5th Cir. Unit A 1981).
 

 [10]
 

 .
 
 In re Smith,
 
 436 F.Supp. 469 (Bank.N.D.Ga.1977); Collier on Bankruptcy (15th ed.) § 523.-15(3) (1986).
 

 [11]
 

 . Bankruptcy Rule 8013;
 
 In the Matter of Crist,
 
 632 F.2d 1226, 1229 (5th Cir.1980),
 
 cert. denied,
 
 451 U.S. 986, 101 S.Ct. 2321, 68 L.Ed.2d 844 (1981);
 
 In the Matter of Bardwell,
 
 610 F.2d 228 (5th Cir.1980);
 
 see also
 
 Fed.R.Civ.Proc. 52(a).