George C. NICOLADZE,
Plaintiff–Appellant,

v.

H. Roger LAWLER, Individually and d/b/a Lawler Cattle Company, Lawler Corporation, Lawler Management Company, and the Lawler Family Trusts of April 10, 1968, Defendant–Appellee.

Civ. A. No. CA3–88–0145–D.
Bankruptcy No. 586–501.

United States District Court,
N.D. Texas,
Dallas Division.

May 6, 1988.

Robert W. Smith of Smith & Florsheim, Dallas, Tex., for plaintiff-appellant.

C. Thomas Wesner, Jr. of Wesner Coke Boyd & Clymer, P.C., Dallas, Tex., for defendant-appellee.

FITZWATER, District Judge:

The court is asked to decide whether its subject matter jurisdiction has been invoked by a notice of appeal filed prior to entry of the appealed bankruptcy court order. The court must also determine whether to dismiss the appeal because appellant's brief does not comply with Rule 8010(a)(1).[1] The court concludes that it possesses subject matter jurisdiction and that the appeal should not be dismissed on the basis of the deficient brief.

I.

Plaintiff-appellant, George C. Nicoladze ("Nicoladze"), filed on December 20, 1984 a notice of appeal in which he purports to

---

1. Rule references without designation are to the Federal Rules of Bankruptcy Procedure that took effect August 1, 1983.

appeal "the final order of the Bankruptcy Court denying [Nicoladze's] Motion for Relief from Order Denying Claim, said final order being issued from the bench on December 13, 1984." Nicoladze is a claimant in the Chapter XI case [2] of defendant-appellee, H. Roger Lawler ("Lawler").

Nicoladze filed a proof of claim on July 9, 1979 and Lawler objected to the claim. The bankruptcy court set a pretrial conference for March 9, 1984 and scheduled an April 3, 1984 trial. Through Harold L. Perry ("Perry"), who represented in a bankruptcy court pleading that he was the attorney for Nicoladze, appellant requested a continuance of the April 3 setting. Neither Perry nor Nicoladze appeared on the scheduled trial date. On April 16, 1984, the bankruptcy court entered a written order sustaining the objection to Nicoladze's proof of claim. Nicoladze did not file a notice of appeal.

Thereafter, on April 24, 1984, Robert W. Smith, Esq., who represents appellant in this appeal, filed on Nicoladze's behalf a "Motion for Rehearing on Proof of Claim of George C. Nicoladze." The bankruptcy court heard the motion and denied it by order entered May 10, 1984. Nicoladze did not file a notice of appeal from this order.

On August 24, 1984, Nicoladze filed "The Claimant's Motion for Relief from Order Denying Claim." On the basis of Rule 9024 and Fed.R.Civ.P. 60, Nicoladze again sought relief from the April 16 and May 10, 1984 orders of the bankruptcy court. On December 13, 1984, Judge Ford conducted a hearing on the motion and denied the motion in an oral bench ruling. On December 20, 1984, Nicoladze filed a notice of appeal. The bankruptcy court did not enter a written order denying the motion until January 11, 1985. Nicoladze did not

file a separate notice of appeal following the entry of the written order.

Inexplicably, the appellate record was not filed in this court until January 20, 1988.[3] On February 3, 1988, the parties filed an agreed motion to permit Nicoladze to file his appellant's brief on February 16, 1988 rather than the February 4, 1988 due date prescribed by Fed.R.Bankr.P. 8009.[4] The court granted the motion and Nicoladze filed his brief on February 16. The agreed motion, which the court granted, permitted appellee to file his brief on March 8, 1988. On that date appellee filed his "reply brief" together with a motion to dismiss and for sanctions. In his motion, Lawler pointed out certain substantial defects in Nicoladze's February 16 appellant's brief; Lawler moved to dismiss the appeal on the basis of such defects and on the ground that Nicoladze had not filed a proper notice of appeal. Thereafter, Nicoladze filed a reply brief and response to Lawler's motion to dismiss and for sanctions and a motion for leave to amend his appellant's brief. Lawler filed a reply thereto.

## II.

### A.

Lawler first moves to dismiss the appeal on the ground that the December 20, 1984 notice is "a premature notice of appeal from a nonappealable bench ruling" and thus "is a nullity." The court disagrees.

■ Absent controlling Fifth Circuit authority,[5] the court adopts the rule followed in the Ninth Circuit that a prematurely filed notice of appeal is considered valid and timely filed. *In re Stuerke,* 61 B.R. 623, 625 (9th Cir. BAP 1986) (Rule 8002 decision) (citing *Matter of the Brickyard,* 735 F.2d 1154, 1156 (9th Cir.1984) (former

---

**2.** Former Bankruptcy Act.

**3.** According to appellant's counsel, the bankruptcy clerk's office had considerable difficulty locating the file and the transcript of the December 13, 1984 hearing.

**4.** Appellee apparently contends the former bankruptcy rules apply to this appeal because the former Bankruptcy Act controls. The new procedural rules took effect, however, on Au-

gust 1, 1983, prior to the bankruptcy court orders in question. Absent a showing that these rules affect substantive rights, the court will apply them to this appeal.

**5.** This court is bound, of course, by decisions of the Fifth Circuit. *See Roberts v. Poole,* 80 B.R. 81, 86 & n. 5 (N.D.Tex.1987) (citing *In re Ambassador Park Hotel, Ltd.,* 61 B.R. 792, 796 n. 7 (N.D.Tex.1986)).

Bankruptcy Rule 802 decision)). In *Stuerke* the court held:

> When the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon, the policy of the Ninth Circuit is to prevent the loss of the right to appeal.

*Id.* at 625 (citing *Brickyard*, 735 F.2d at 1156–57; *Calhoun v. United States*, 647 F.2d 6, 10 (9th Cir.1981)).

The court has found no Fifth Circuit case that would require a different result. The decisions of this circuit that hold that appellate jurisdiction is lacking when a premature appeal is filed all pertain to Fed.R. App.P. 4(a)(4). This Rule provides that a notice of appeal filed before the disposition of certain motions filed in the district court [6] "shall have no effect" and mandates that "[a] new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above." *Id. See, e.g., InterFirst Bank Dallas, N.A. v. Federal Deposit Insurance Corp.*, 808 F.2d 1105, 1109 (5th Cir.1987); *Fitzpatrick v. Texas Water Com'n*, 803 F.2d 1375, 1376 (5th Cir.1986). A parallel to Fed.R.App.P. 4(a)(4) is found in Rule 8002(b), which provides [7] that a notice of appeal filed prior to disposition of a Rule 9015 motion for judgment n.o.v., a Rule 7052(b) motion to amend or make additional findings of fact, a Rule 9023 motion to alter or amend the judgment, or a Rule 9023 motion for a new trial, "shall have no effect."

■ Nicoladze does not, however, appeal the denial of a motion that falls within the reach of Rule 8002(b). The motion in question was filed pursuant to Rule 9024,[8] which is the bankruptcy version of Fed.R. Civ.P. 60(b). The Fifth Circuit has held, in the context of circuit court appellate jurisdiction, that a Fed.R.Civ.P. 60(b) motion is not among the motions referenced in Fed. R.App.P. 4(a)(4). Accordingly, Fed.R. App.P. 4(a)(4) "does not vitiate a notice of appeal filed while a pending Rule 60(b) motion remains undisposed of." *Brown v. United Insurance Co. of America*, 807 F.2d 1239, 1242–43 (5th Cir.1987) (per curiam) (citing cases). *Brown* teaches that, "apart from Rule 4(a)(4), there is no general rule that 'premature' notices of appeal are invalid." *Id.* at 1243.

This court has previously looked to Fifth Circuit jurisprudence regarding Fed.R. App.P. 4 to guide its application of Rule 8002 in the bankruptcy appeal context. *See Holloway v. HECI Exploration Co. Employees' Profit Sharing Plan*, 76 B.R. 563, 573 (N.D.Tex.1987), *appeal docketed.*[9] The court concludes that the holding in *Brown* is equally applicable to a bankruptcy appeal, and holds that, apart from Rule 8002(b), there is no general rule that "premature" notices of appeal are invalid.

### B.

Lawler next moves to dismiss the appeal on the ground that Nicoladze's appellant's brief does not comply with Rule 8010. In particular, Lawler points out that the brief lacks virtually all the requirements of Rule 8010(a)(1)(A)–(F) and does not comply with Rule 8010(b). Nicoladze has responded to the motion to dismiss by seeking leave to amend his appellant's brief. Without expressly acknowledging that his brief is de-

---

6. The motions are: a Fed.R.Civ.P. 50(b) motion for judgment; a Fed.R.Civ.P. 52(b) motion to amend or make additional findings of fact; a Fed.R.Civ.P. 59 motion to alter or amend the judgment; and a Fed.R.Civ.P. 59 motion for new trial.

7. Rule 8002(b) was amended, effective August 1, 1987, in a manner not relevant here.

8. Rule 9024:
   Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144 or § 1330.

9. *See also In re Ferron*, 35 B.R. 404, 405–06 (D.Nev.1983) (relying on Fed.R.App.P. 4 to interpret predecessor rule to Fed.R.Bankr.P. 8002).

ficient, Nicoladze asks to amend the brief "to bring it into specific compliance with Rule 8010." He asserts that his "initial brief on the merits was in fact in substantial compliance with Rule 8010, and said amendment would be to cure technical defects only and would not involve any substantive change." Lawler opposes such leave, asserting generally that he has gone to great expense to prepare and file his "reply brief" and his motion to dismiss and for sanctions. He asserts that if the motion to amend is granted, he will be required to prepare and file another brief at additional expense.

█ Because Rule 8010 is derived from Fed.R.App.P. 28, *see* 11 U.S.C.A. Rule 8010, Advisory Comm. Note (1984), the court again turns to circuit court jurisprudence for guidance. In *Neeley v. Bankers Trust Co. of Texas*, 757 F.2d 621, 634 n. 18 (5th Cir.1985), the Fifth Circuit, invoking Fed.R. App.P. 28(g) and 5th Cir.R. 28.1, warned counsel that violations of the 50–page limit on briefs may result in the court's striking the briefs *sua sponte*. As in *Neeley*, this court possesses the authority and discretion to strike Nicoladze's brief if the brief violates Rule 8010. In the interest of justice, however, the court chooses a less drastic course.

█ The court holds first that Nicoladze's brief is patently deficient. The brief contains one section entitled "statement of facts" and one entitled "argument and authorities." It does not even purport to comply with the requirements of Rules 8010(a) or (b) and obviously was prepared without reference to either Rule. Nicoladze's counsel concedes as much. In the motion for leave to amend, he states that he "did attempt to determine whether any

special rules applied to briefs in this type of proceeding, and, due to a lack of familiarity with the Bankruptcy Rules failed to find Rule 8010." [10]

█ The court concludes second that the deficient brief should not result in dismissal of the appeal. In the present case the appeal has been pending only since January 20, 1988. To permit Nicoladze to file a brief in proper form, and then to allow Lawler to file an additional brief in response, will not materially delay the appeal. Moreover, there is no evidence that the error was caused by the client; the court should therefore first consider, as it does below, imposing an appropriate penalty upon the errant attorney. Finally, it appears that a sanction less onerous than dismissal can ameliorate the harm to appellee. In other contexts the Fifth Circuit has emphasized the necessity for imposing, in the first instance, sanctions less drastic than outright dismissal.[11] *See, e.g., McNeal v. Papasan*, 842 F.2d 787, 789 (5th Cir.1988) (dismissal with prejudice constitutes an abuse of discretion unless (1) the record shows a clear record of delay or contumacious conduct by the plaintiff and (2) a lesser sanction would not better serve the best interests of justice).[12]

In this case appellee was injured because he incurred fees and costs responding to a deficient appellant's brief and preparing pleadings to bring about the filing of a brief that complied with the rules. The court concludes that it is appropriate, as a condition for granting appellant's motion for leave to amend, that the court award appellee his reasonable attorney's fees and costs for preparing his March 8, 1988 "reply brief with motion to dismiss and for sanctions" and the appendix thereto and

---

10. Counsel also states that he "did, however, go further and make inquiries with the Clerk's office as to whether any special rules existed, and was informed that the basic Rules of Civil Procedure applied as to briefs and other documents." The members of the clerk's office are not, however, surrogates for the kind of basic legal research that a lawyer is expected to undertake in the representation of his client. Their failure to know the law as well as a licensed attorney is no excuse for a lawyer's deficient conduct.

11. This decision is necessarily predicated on the facts presented. The court should not be understood as holding that the sanction of dismissal of an appeal would never be warranted.

12. This is to be distinguished, of course, from a case where *no* appellant's brief is filed, in which instance this court will dismiss the appeal for want of prosecution. *See Matter of Braniff Airways*, 774 F.2d 1303, 1305 & n. 7 (5th Cir.1985) (citing cases).

his May 2, 1988 reply and the appendix thereto. The court will not award appellee the fees and costs incurred in responding to the amended appellant's brief for the reason that appellee would, in the ordinary course, have so responded. *See* Rule 8010(a)(2). Appellee's counsel shall submit an affidavit detailing the time expended and applicable hourly rates, together with an itemization of costs incurred. Appellant's counsel may file a counter affidavit if he does so within 10 days of the filing of appellee's counsel's affidavit. The fees awarded by the court shall be paid by Nicoladze's attorney, and not by the client, within the time to be specified by court order. Appellee shall have 15 days after receipt of payment of such fees to file his appellee's brief.

### III.

Appellee's motion to dismiss is denied.[13] This appeal shall proceed on the merits in accordance with this opinion and order.

SO ORDERED.

---

**13.** Appellee also requests the court to impose sanctions on appellant for filing a frivolous appeal. To the extent his request is based on the merits, the court will await that determination to decide the question; to the extent the request is grounded on the arguments for dismissal that the court rejects today, the court denies the motion except to the extent the court conditions the granting of appellant's motion for leave to amend on the payment of appellee's attorney's fees.